UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  **5:25-cv-02950-DTB**                                       Date: **January 9, 2026**

Title:  **Abdulkader Tayar  v. Kristi Noem, et al**
==============================================================================
**DOCKET ENTRY**
==============================================================================
PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

Rachel Maurice                                                      n/a
Deputy Clerk                                                   Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:              ATTORNEYS PRESENT FOR DEFENDANT(S):
         None present                                          None present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE REGARDING PROOF OF SERVICE**

On January 8, 2026, the parties filed a Stipulation to Extend Time to Respond to Initial Complaint by Not More Than 30 Days ("Stipulation").  (Docket No. 11).  According to the Stipulation, the Complaint was served on November 12, 2025.  As of this date, a proof of service has not been filed.

Pursuant to Central District of California Local Rule 4-6, Plaintiff must file a proof of service within 14 days of service of the Summons and Complaint.  Failure to file a proof of service timely may result in the imposition of sanctions against the Plaintiff, including but not limited to the dismissal of the defendant that was the subject of the proof of service.  Without a proof of service on the docket, the Court is disinclined to consider the Stipulation.

Accordingly, the Court, on its own motion, orders Plaintiff to show cause in writing **no later than three days from the date of this Order** why this action should not be dismissed for lack of prosecution as to the Defendant.

It is Plaintiff's responsibility to respond promptly to all Orders and to prosecute the action diligently, including filing proofs of service and stipulations extending time to respond.  If necessary, Plaintiff must also pursue Rule 55 remedies promptly upon the default of Defendant.  All stipulations affecting the progress of the case must be approved by this Court.  See L.R. 7-1.

No oral argument of this matter will be heard unless ordered by the Court.  The

Order will stand submitted upon the filing of a written response.

**Plaintiff is expressly warned that failure to timely file a response to this Order will result in this action being dismissed without prejudice as to Defendant for failure to prosecute and comply with court orders.** See **Fed. R. Civ. P. 41(b).**

Further, as this matter is proceeding under the Direct Assignment of Civil Cases to Magistrate Judges Program, the Court requires the date upon which Defendants were served with the Court's Notice of Assignment (Docket No. 5). Accordingly, as a proof of service has not been filed, the docket is silent as the documents served on Defendants. Plaintiff is also ORDERED to provide the Court with which documents were served within 3 days of the date of this Order.

**IT IS SO ORDERED.**

MINUTES FORM 11  
CIVIL-GEN

Initials of Deputy Clerk  RAM